UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

99 MAR -3 PM 2: 37

U.S. DISTRICT COURT
N.D. OF ALABAMA.

SOUTHERN NATURAL GAS          )
COMPANY,                      )
                              )
          Plaintiff,          )
                              )
     vs.                      )     CV 97-L-2926-S
                              )
1.87 ACRES OF LAND LOCATED    )
IN CULLMAN COUNTY, ALABAMA;   )
JAMES DENNIS BATES, et al.,   )
                              )
RE:   CULLMAN PARCEL NO. 111  )
                              )
          Defendants,         )

ENTERED

MAR 0 3 1999

## MEMORANDUM OPINION

I.   Introduction

     Currently pending before this court is a motion to reject or modify Report of
Commissioners filed by plaintiff Southern Natural Gas Company ("Southern"). Under Rule
53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the
report or may modify it or may reject it in whole or in part." The following paragraphs
contain the items that were discussed in oral argument, plaintiff's objections to the Report
of Commissioners, as well as the court's findings.

II   Damages Awarded For The Permanent Easement   ($6,580)

     The Commissioners determined that the property on which the permanent easement
would be located was worth $3,500 an acre prior to the pipeline. Thus, the Commission

awarded $6,580 for the 1.87 acres permanently taken. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

III.    Damage To The Remaining Property ($0)

The Commission recommended that landowners be awarded $11,325 for damages to the remaining property outside of the permanent easement caused by the pipeline. Southern objects to this award arguing that there was no witness testimony to any damage to the remaining 43.32 acres outside of the easement. Southern further argues that landowners offered no testimony that the presence of the pipeline restricted any probable use or would impact any future development of the property in the reasonably near future as of the date of taking, November 4, 1997. The defendant argues that there was competent evidence that this property could be valued as residential property and that the pipeline cuts across the best portion of the property which justifies the Commission's award.

As stated in the Instructions to the Commissioners established by this court, when the Commission calculates "just compensation" for property uses:

> consideration should be given not only to the uses to which
> the property was being put on the date of taking, but also to
> any other more economically valuable uses for which, as of
> the date of taking (and but for the taking), the property was
> adaptable and needed (or likely to be needed in the reasonably
> near future) by other owners. It would not be proper to
> consider any alternative use unless the evidence shows that
> to have been (but for the taking) a probable use in the reasonably

> near future. *See pp. 10-11*

The landowners offered no testimony that the presence of the pipeline restricted any probable use of the property in the reasonably near future as of the date of taking. Moreover, the court finds there was no evidence to support a finding that the development of a sub-division was probable in the reasonably near future. After considering all evidence, the court finds that the $11,325 in damages awarded by the Commissioners for the remaining property is clearly erroneous. Thus, the court holds that the amount to be awarded for damages to the remaining property should be zero dollars ($0).

IV.       Amount Awarded For The Temporary Easement ($1,155)

The Commissioners awarded $1,155 for the temporary easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

V.       Damages Awarded For The Loss Of Timber ($894)

The Commissioners awarded $894 for the loss of timber. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

VI       Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement, as just compensation for the taking of the above-described

easement, in the amount of $19,954. The court has decided to moderate such award from $19,954 to $8,629, pursuant to the provisions of F.R.C.P. Rule 53(e)(2). In view of the foregoing discussion, a separate judgment will be entered in the amount of $8,629 as just compensation to the owner of Cullman Parcel 111 for the taking of the above-described easement.

Done this 3rd day of March, 1999.

Senior Judge